# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Virginia Latrice Smith, ) <br> ) <br>      Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Commissioner of Social Security ) <br> Administration, ) <br> ) <br>      Defendant. ) <br> _____ ) | Civil Action No.: 6:17-cv-02029-JMC <br><br> **ORDER AND OPINION** |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on September 19, 2018. (ECF No. 17.) The Report addresses Plaintiff Virginia Latrice Smith's ("Plaintiff") claim for disability insurance benefits ("DIB") and recommends that the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner"). (*Id.* at 1, 29.) For the reasons stated herein, the court **ACCEPTS** the Report and **AFFIRMS** the decision of the Commissioner.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 17.) As brief background, on October 18, 2013, Plaintiff filed an application for DIB that was denied initially and upon reconsideration. (*Id.* at 1.) After a hearing was held on September 15, 2015, an administrative law judge ("ALJ") determined, on March 30, 2016, that Plaintiff had the residual functional capacity ("RFC") to perform "less than a full range of sedentary work" as defined in 20 C.F.R. § 404.1567(a). (*Id.* at 1; ECF No. 10-2 at 28.) Specifically, the ALJ found that Plaintiff was "capable of sitting for six hours of an [eight]-hour workday and standing/walking for two hours of an [eight]-hour workday." (ECF No. 10-2 at

28.) Additionally, also in regard to Plaintiff's RFC, the ALJ concluded that Plaintiff could "operate a motor vehicle occasionally and must avoid concentrated exposure to dust, odors, fumes and other pulmonary irritants." (*Id.*) Moreover, Plaintiff's RFC is "limited to making simple work-related decisions." (*Id.*) Lastly, the ALJ concluded that Plaintiff's subjective complaints were not "entirely credibl[e]" because of insufficient medical findings to support Plaintiff's claims. (*Id.* at 30.) On this basis, and for numerous other reasons, the ALJ denied DIB to Plaintiff because she was not disabled for purposes of the Social Security Act ("the Act"). (*Id.* at 35.) Plaintiff's request for the Appeals Council ("the Council") to review the ALJ's decision was denied on June 1, 2017. (*Id.* at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review of an ALJ's decision). Plaintiff filed the instant action on August 2, 2017. (ECF No. 1.)

In the Report, the Magistrate Judge reasoned that, based upon the record, the ALJ's decision rested upon substantial evidence. (*See* ECF No. 17 at 17-29.) Specifically, the Report noted that the ALJ's RFC assessment accounted for Plaintiff's "postural, environmental, and mental limitations . . . , including her headaches." (*Id.* at 18.) Further, the Report explained that the ALJ "set out . . . [P]laintiff's subjective complaints in detail[,]" but her subjective complaints were not "entirely credibl[e]" because of disputes with the medical evidence. (*Id.* at 20-26.) For those reasons, the Report ultimately recommended that the court affirm the decision of the Commissioner. (*Id.* at 29.)

The parties were apprised of their opportunity to file specific objections to the Report on September 19, 2018. (ECF No. 17.) On October 3, 2018, Plaintiff timely filed her Objection to the Report and argued the following: (1) the ALJ failed to "properly explain" her RFC; and (2) the ALJ failed to "properly consider" her subjective reports. (ECF No. 19 at 1, 3.) In essence, Plaintiff contends that the ALJ failed "to make an accurate and logical bridge between the evidence and his conclusion[s] . . . ." (*Id.* at 4.) On October 16, 2018, the Commissioner replied to Plaintiff's Objection. (ECF No. 20.) The Commissioner requests the court to adopt the Magistrate Judge's Report because Plaintiff's arguments "have already been fully presented in this case" and the "Magistrate Judge . . . fully addressed these issues in the Report . . . ." (*Id.* at 1-2.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and

whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. DISCUSSION

Plaintiff makes two objections to the Magistrate Judge's Report. (ECF No. 19 at 1-4.) First, Plaintiff argues that the ALJ "failed to explain the RFC." (*Id.* at 1.) Second, Plaintiff alleges that the ALJ "fail[ed] to properly consider [her] subjective reports." (*Id.* at 3.) Notably, both of these arguments were before the Magistrate Judge when Plaintiff submitted her Brief. (*Compare* ECF No. 19, *with* ECF No. 13.)

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in

4

a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (citation and quotations marks omitted)). *See also Derrick v. Berryhill*, No. 9:17-0323-TMC, 2018 WL 3434306, at *2 (D.S.C. July 17, 2018) ("[O]bjections to the magistrate judge's [r]eport are not a subsequent opportunity to reargue the merits of a case—they are an opportunity to demonstrate . . . particular errors in the magistrate judge's reasoning." (citations omitted)); *Butler v. Berryhill*, No. 4:16-cv-03209-JMC, 2018 WL 1556188, at *1 (D.S.C. Mar. 30, 2018) ("The court does not need to conduct a *de novo* review of objections presented in the form of '[complete statements] of arguments already made, . . . as these objections never cite specific conclusions of the [report] that are erroneous.'" (quoting *Smith v. City of N. Charleston*, 401 F. Supp. 2d 530, 533 (D.S.C. 2005))); *Jones v. Hamidullah*, No. 2:05–2736–PMD–RSC, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005).

In the instant case, the court has reviewed Plaintiff's Brief (ECF No. 13), Plaintiff's Objection (ECF No. 19), and the Report (ECF No. 17). After examining all of the relevant pleadings, the court concludes that Plaintiff's Objection restates arguments that were adequately addressed by the Report. (*Compare* ECF No. 19 at 1-4, *with* ECF No. 17 at 17-26.) Moreover, Plaintiff's Objection largely mirrors her Brief considered by the Report. (*Compare* ECF No. 19, *with* ECF No. 13.) As such, a *de novo* review is unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution . . . ." *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). This court declines to hear rehashed arguments from Plaintiff. *Orpiano*, 687 F.2d at 47. The court finds that the Report effectively addresses Plaintiff's Objection and is well-reasoned. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9,

2018) (adopting a magistrate's report in which the court concurred "with both the reasoning and the result"). As such, the court finds that the ALJ's decision was supported by substantial evidence. Therefore, the Report is adopted herein. *See Walls*, 296 F.3d at 290.

## IV. CONCLUSION

After a thorough review of Plaintiff's Objection (ECF No. 19) and the Magistrate Judge's Report (ECF No. 17), the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 17) and **AFFIRMS** the decision of the Commissioner of Social Security Administration.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 30, 2018
Columbia, South Carolina